UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 2002 JBO TRUST NO. 1, ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-1282 |
| AMERICAN EXPRESS CO, ET AL. | SECTION "L" (3) |

### ORDER

The Court has pending before it a motion to dismiss (Rec. Doc. 36) and motion for sanctions (Rec. Doc. 37) filed by Defendants American Express Tax and Business Services, Inc., Kurt Anderson, and Robert Goldstein. Defendants originally filed these motions on October 16, 2012 and noticed them for submission to the Court on November 14, 2012. Defendants also requested oral argument on that date, which the Court granted, setting a hearing date of December 12, 2012. (Rec. Doc. 43).

Around this time, Plaintiffs' original counsel, Dennis Edward Rinck, Jr., moved to withdraw from the case. (Rec. Doc. 40). The Court granted the motion. (Rec. Doc. 42). On December 5, 2012, the Court received Plaintiffs' first motion to continue the oral argument date on Defendants' motions. (Rec. Doc. 55). In their motion, Plaintiffs requested additional time to secure new counsel. *Id.* at ¶¶ 2-3. They indicated that they were in the process of engaging Hiram C. Eastland, Jr., but had not yet formally retained him. *Id.* at ¶¶ 4-5. Plaintiffs requested a continuance of 120 days to complete this process. *Id.* ¶ 9. On December 6, 2012, the Court granted Plaintiffs' first motion to continue, though it opted to continue the hearing for 60 days rather than 120 days, giving Plaintiffs the option to file a second motion if they needed

1

additional time. (Rec. Doc. 58). The Court reset oral argument on Defendants' motions for February 20, 2013. *Id.*

On February 19, 2013, the Court issued an Order cancelling oral argument on Defendants' motions. (Rec. Doc. 73). At that time, the deadline for Plaintiffs to file an opposition brief had already passed, and the Court had not yet received any filings from Plaintiffs. On February 20, 2013, the Court issued an Order granting Defendants' motion to dismiss as unopposed, but denying Defendants' motion for sanctions. (Rec. Doc. 79). However, on February 26, 2013, the Court received correspondence from Plaintiffs indicating that they had attempted to file a second motion to continue in advance of the hearing date, but that the filing had been marked technically deficient by the Clerk. (Rec. Doc. 81 at 3-4, 19-22). The Court entered the correspondence into the record and granted the request, withdrawing its prior Order ruling on Defendants' motions and resetting oral argument for April 17, 2013. *Id.* at 1-2. The Court specifically stated:

> The Court does not wish to deny Plaintiffs an opportunity to be heard, and therefore it will grant Plaintiffs' request and withdraw its prior grant of Defendants' motion. However, the Court will hesitate to grant any further continuances in this case, due to the risk of causing prejudice to the Defendants.

*Id.* at 1.

On April 11, 2013, the Court received a third motion to continue from the Plaintiffs. (Rec. Doc. 86). Plaintiffs' motion stated that Mr. Eastland had agreed to represent Plaintiffs, and that Plaintiffs were "finally within thirty to forty-five days of having the financial ability to engage Mr. Eastland to represent the Plaintiffs in this matter." *Id.* at ¶ 3. Plaintiffs also noted that Defendants consented to a continuance of 45 days. *Id.* at ¶ 6. Defendants then filed a response to

Plaintiffs' motion clarifying that they did not agree that such a continuance would not be prejudicial, but that they had nonetheless "agreed not to oppose a brief, and final, continuance, solely as a professional courtesy" to Mr. Eastland. (Rec. Doc. 87 at 1). The Court granted the motion to continue and reset oral argument for May 29, 2013. (Rec. Doc. 89).

The Court has now received Plaintiffs' fourth motion to continue. (Rec. Doc. 93). which Defendants oppose (Rec. Doc. 94). In this motion, Plaintiffs report that they have now made the financial arrangements for Mr. Eastland to represent them, but that due to scheduling conflicts and "the short time between now and May 29," Mr. Eastland would not be able to formally begin representing Plaintiffs or prepare for oral argument without an additional continuance. (Rec. Doc. 93 at ¶ 2). Accordingly, Plaintiffs request "a final additional 45 days" of additional time for Mr. Eastland to prepare. *Id.* at ¶ 8.

Defendants oppose the motion. (Rec. Doc. 94). They note that Plaintiffs filed the instant case over a year ago, and that Defendants filed their motions to dismiss and for sanctions approximately seven months ago. They emphasize that Plaintiffs have repeatedly requested continuances from the Court in order to engage Mr. Eastland, and that the Court has previously acknowledged that repeated continuances could cause prejudice to the Defendants. Defendants note that they agreed not to oppose Plaintiffs' third motion to continue "as a professional courtesy to Mr. Eastland, on condition that it would be the 'final' continuance." *Id.* at 2. Defendants emphasize that Plaintiffs Mr. Eastland were aware of the scheduling requirements at the time that Mr. Eastland agreed to the representation.

Defendants also argue that the delays in this case are causing prejudice to them, and particularly to Mr. Anderson and Mr. Goldstein, in that they "have had meritless RICO and state-

3

law claims hanging over their heads for more than a year now." *Id.* at 3. For example, Defendants note that this case shows up on background reports for both Mr. Anderson and Mr. Goldstein. With respect to Mr. Anderson, Defendants note that his employer is required to report this case as pending litigation to its malpractice carrier. With respect to Mr. Goldstein, Defendants explain that he is a CPA, and that having an open RICO case is particularly harmful to his business and professional reputation. Defendants also submit declarations supporting their assertions. (Rec. Docs. 94-1, 94-2).

The Court agrees with Defendants that an additional continuance is not appropriate in this case. Plaintiffs' third motion for a continuance already requested additional time beyond what Plaintiffs indicated they would need in order to hire a new attorney. Defendants' response plainly stated that Defendants were consenting to the continuance on the condition that it would be final. Furthermore, the Court is not facing a situation in which an additional continuance would have a minimal prejudicial effect on the Defendants. Defendants, particularly Mr. Anderson and Mr. Goldstein, have raised valid, substantial concerns regarding potential prejudice to them if the Court allows any further delays in this case.

Accordingly, IT IS ORDERED that Plaintiffs' fourth motion to continue (Rec. Doc. 94) is DENIED. Furthermore, as no memorandum in opposition to Defendants' motion to dismiss (Rec. Doc. 36) has been timely filed, the Court deems the motion unopposed, and it appearing to the Court that the motion is grounded in fact and law, IT IS ORDERED that Defendants' motion to dismiss is GRANTED. Plaintiffs' claims are DISMISSED WITH PREJUDICE.

Finally, as previously discussed in the Court's February 20, 2013 Order (Rec. Doc. 79), the Court concludes that sanctions are not appropriate in this case, and accordingly, Defendants'

motion for sanctions (Rec. Doc. 37) is DENIED.

New Orleans, Louisiana, this 10th day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE